**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**v.** **No. 4:19-CR-00580-JM-2**
**No. 4:25-CV-01280-JM**

**RODNEY TYRONE HENRY**

# ORDER

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 154) is DENIED.

## I. Background

Daryl Strickland, Jr. and Rodney Tyrone Henry pleaded guilty pursuant to written plea agreements to murder while discharging a firearm in furtherance of a crime of violence. Both were subsequently sentenced to life imprisonment by the district court. Petitioner subsequently filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Strickland and Henry were charged in a six-count indictment with two counts of conspiracy to interfere with commerce by robbery, one count of attempt to interfere with commerce by robbery, one count of murder while discharging a firearm in furtherance of a crime of violence, one count of interference with commerce by robbery, and one count of brandishing a firearm in furtherance of a crime of violence. Henry and the government subsequently entered into a plea agreement. Henry agreed to waive indictment and permit the government to file a superseding information charging him with murder while discharging a firearm in furtherance of a crime of violence; in exchange, the government agreed to dismiss the indictment. Henry stipulated that the following facts were true in his plea agreement:

> On November 12, 2018, at 5:22pm, Daryl Strickland, Jr. and Rodney Tyrone Henry knocked on the front door of Wise Buck Pawn Shop in Pine Bluff, Arkansas, and asked if the store was still open. Wise Buck

> Pawn Shop was a federal firearms licensee, engaging in business that affected interstate commerce. The owner of the pawn shop, Brandon McHan, told Strickland and Henry through the locked front door that the store was closed for the night. Strickland and Henry then appeared to leave the area. McHan and his friend, Jason Booth, who were the only two in the store, continued closing. At approximately 5:30pm, McHan and Booth exited the front door of the pawn shop to start their vehicles because it was cold. Booth put his firearm in his car, and both went back inside the store. At 5:34pm, Strickland and Henry entered the threshold of the pawn shop, and Strickland fired several gunshots, striking both McHan and Booth multiple times. Strickland and Henry then retreated from the entrance of the store. Two minutes later, Strickland and Henry both returned to the front door of the pawn shop, and Strickland began shooting into the pawn shop. When McHan and Booth fired back, Strickland retreated. After Strickland retreated, Henry fired multiple gunshots into the pawn shop. Strickland then returned to the doorway of the pawn shop and fired more gunshots inside. Strickland and Henry then left the scene.
>
> Approximately an hour later, Strickland and Henry entered the Alon gas station at 2800 South Olive Street in Pine Bluff, Arkansas, and held the store clerk at gun point. Henry, while pointing a firearm at the store clerk, went behind the counter and emptied the cash register. Strickland remained at the front of the counter, also holding the clerk at gunpoint. In addition to $800, Henry stole the store clerk's firearm.
>
> Brandon McHan died later that night. McHan's autopsy revealed three gunshot wounds, which caused his death. The first bullet entered his right abdomen and exited his back. The second bullet entered his right thigh and exited his right hip. A third [gunshot] was a through-and-through wound to the right lower leg. Booth, who was near the door when Strickland initially opened fire into the pawn shop, was shot in the face near the chin area, and the bullet exited through his neck. Booth was also shot in the left hand.

(ECF. No. 125, p. 18-20), *see also, United States v. Henry*, 106 F.4th 763, 766–67 (8th Cir. 2024), *cert. denied sub nom. Henry v. United States*, 145 S. Ct. 1102, 220 L. Ed. 2d 408 (2025).

In the pending motion, Henry asserts that: (1) his guilty plea was involuntary based on erroneous legal advice; (2) attempted Hobbs Act robbery is not a crime of violence; (3) the murder was not premeditated; (4) the court abused its discretion in finding premeditation; and,

(5) he received ineffective assistance of counsel when counsel advised him that the sentencing guidelines mandated a twenty-five year sentence, when counsel failed to sever his trial from Stricklands and when counsel failed to object to his criminal history score.

## II. Analysis

### A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment. *Id.* at 690. Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995). If Petitioner establishes deficient performance by counsel, he still must establish prejudice. This requires Petitioner to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different. S*trickland*, 466 U.S. at 694. "In order to satisfy the prejudice prong of the *Strickland* test in the guilty plea context, a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012)

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Petitioner fails to establish either part of this test, the Court need not consider the remaining part of the test. *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

#### 1. Guilty Plea

Henry argues that inaccurate advice from his counsel rendered his plea involuntary. Specifically, Henry claims that his counsel told him that the sentencing guidelines mandated a sentence of 25 years or less and that if he was sentenced above 25 years the sentence would be automatically reversed on appeal. Henry claims that this "faulty and erroneous legal advice coerced . . . his guilty plea. . . ." These claims are contradicted by his own statements to the Court in both his plea and sentencing hearings.

In the plea hearing, the Court advised Henry that the maximum penalties for Count 1 of the Superseding Information was a term of years or for life in prison. (ECF 125, p. 6). The Court asked Henry if he understood what he was being charged with and the potential penalties for that crime to which Henry responded, "yes, Sir." (Id., p. 7). Henry also acknowledged that the United States Sentencing Guidelines were guidelines and were not mandatory. (Id., p 9). The Court specially stated: "If I decide based on your particular circumstances that your sentence ought to be above your guideline range but still within your statutory penalty and I sentence you that way, that's not going to be a reason to withdraw your guilty plea." (Id.). Henry acknowledged that he understood. (Id.). Henry stated that he understood his plea agreement and that no promises had been made to get him to plead guilty other than those contained in the plea agreement. (Id., p. 11). In the sentencing hearing, Henry stated that he did not want to withdraw his guilty plea and that he had gone over his presentence report with his lawyers. (ECF. 126., p. 10). The presentence report set forth the statutory maximum term of life in prison and a guideline range of 360 months to life. (Id., p. 26).

"'[A] defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings.'" *Thompson v. United States,* 872 F.3d 560, 566 (8th Cir. 2017) (quoting *Nguyen v. United States*, 114 F.3d 699,

703 (8th Cir. 1997)). Based on Henry's statements to the Court, his claim that his counsel made assurances that his sentence would not exceed 25 years in prison is not credible. Henry failed to demonstrate that his decision to plead guilty was prompted by erroneous advice.

**2. Attempted Hobbs Act Robbery**

Relying on *United States v. Taylor*, 596 U.S. 845 (2022) Henry argues that attempted Hobbs Act robbery does not qualify as a crime of violence. Henry was not charged with nor did he plead guilty to Hobbs Act Robbery or attempted Hobbs Act robbery. Henry pled guilty to a violation of 18 U.S.C. § 1951(a), specifically murder while discharging a firearm in furtherance of a crime of violence, specifically, committing and threatening physical violence to a person in furtherance of a plan and purpose to obstruct, delay, and affect commerce and the movement of any or article or commodity in commerce by robbery, in violation of 18 U.S.C. § 1951(a). The Hobbs Act crime of using physical violence in furtherance of the robbery is a separate offense from Hobbs Act robbery. See, *Scheidler v. Nat'l Org. for Women, Inc.*, 547 U.S. 9, 16 (2006). Further, "[t]he elements of that offense mirror almost exactly the definition of a "crime of violence" in the Elements Clause of § 924(c)." *United States v. Nikolla*, 950 F.3d 51, 54 (2d Cir. 2020). Because Henry plead guilty to committing murder while discharging a firearm in furtherance of a crime of violence his argument that his conviction is illegal is contradicted by the record.

**3. Criminal History Score**

Henry claims that he received ineffective assistance of counsel when counsel advised him that the sentencing guidelines mandated a twenty-five year sentence. As explained above, Henry's claim regarding inaccurate advice is not credible. Henry also complains that his counsel was ineffective for failing to object to his criminal history score. However, this claim is

contradicted by the record. Counsel specifically objected to the calculation of Henry's criminal history points and the Court overruled the objection. (ECF #126, p. 13,17). Further, the Court of Appeals found that Henry's challenge to the calculation of his criminal history score was barred by the appeal waiver in the parties' plea agreement. *United States v. Henry*, 106 F.4th 763, 770-71 (8th Cir. 2024).

**4. Severance**

Finally, Henry argues that his counsel was ineffective for failing to request that his trial be severed from Strickland. Henry did not go to trial. If his argument is that his counsel was ineffective for failing to request that his sentencing hearing be held separately from Strickland, he has failed to demonstrate any prejudice from the joint sentencing hearing.

**5. Premeditation Finding**

Henry argues in his petition that he did not act with premeditation and that the Court abused its discretion in finding otherwise. Henry challenged this Court's finding that he acted with premeditation on direct appeal, and the Eighth Circuit affirmed this Court's finding. "'It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.'" *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981)). Because this issue was conclusively decided on direct appeal, Henry cannot raise the issue again in his motion pursuant to § 2255.

**B. Hearing**

A § 2255 motion "'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions

rather than statements of fact.'" *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Henry's motion would not entitle him to relief since his allegations are contradicted by the record, inherently incredible or are mere conclusions rather than statements of fact. Therefore, a hearing on the motion is not necessary.

**III. Conclusion**

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 154) is DENIED.

IT IS SO ORDERED this 15th day of October, 2026.

James M. Moody Jr.
United States District Judge